# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re*:* R.L.**

**No. 12-1516** (Berkeley County 12-JA-70)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Christopher J. Prezioso, from the Circuit Court of Berkeley County, which terminated his parental rights by order entered on November 29, 2012. The guardian ad litem for the child, William Prentice Young, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Melinda C. Dugas, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, the DHHR filed the petition initiating the abuse and neglect proceedings below. The petition alleged abuse and neglect of the subject child by Petitioner Father's alleged sexual abuse of two of R.L.'s siblings.[1] At the adjudicatory hearing, those two children testified, in camera, about Petitioner Father's sexual abuse against them. In November of 2012, the circuit court entered its order terminating Petitioner Father's parental rights. The circuit court further denied Petitioner Father an improvement period and post-termination visitation. Petitioner Father appeals this termination order.

Petitioner Father first argues that the circuit court committed reversible error by finding the infant children at issue to be abused children as defined by West Virginia Code § 49-1-3. He argues that no physical evidence was entered to support the sexual abuse allegations and the children's testimony did not establish that sexual abuse occurred. Petitioner also asserts that the children's mother was motivated to appear as a co-petitioner in the circuit court proceedings due to her plans to file for divorce. Petitioner argues that, accordingly, the DHHR did not meet its burden of proof by clear and convincing evidence. In response, the child's guardian ad litem and the DHHR both contend that the circuit court did not err in finding the subject child and his siblings to be abused children under West Virginia Code § 49-1-3. They argue that the two children who testified clearly described petitioner's unwanted touches to their genitals over their clothing and that petitioner told them not to disclose this behavior to their mother. More

---

[1]  R.L. and his siblings all have the same mother, but different fathers. R.L. was Petitioner Father's only biological child in the proceedings below.

specifically, one of the children testified that Petitioner Father elaborated by telling her that if she told her mother, R.L. would grow up without a father. Both respondents further highlight that petitioner neither denied these incidents nor offered any alternative explanations to these testimonies, and that petitioner's argument concerning any motivation by the children's mother has no bearing on the abuse and neglect proceedings.

Second, Petitioner Father argues that the circuit court erred by terminating his parental rights. He asserts that no specific allegations of abuse were made against the subject child and that the allegations contained in the petition do not correspond to the appropriate and responsible behavior he exhibited with R.L. Respondents refute petitioner's argument and argue that, pursuant to West Virginia Code § 49-1-3(1)(A), R.L. and another of his siblings were properly considered by the circuit court as abused children because petitioner knowingly inflicted sexual abuse upon two of R.L.'s siblings in the home. They reiterate that the evidence in circuit court was clear and convincing to support the circuit court's findings of sexual abuse and, subsequently, its findings that the conditions were not likely to be corrected in the near future. Respondents argue that, accordingly, the circuit court committed no errors in termination.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights, including its findings that R.L. and his siblings were all considered abused children. West Virginia Code § 49-1-3(1)(A) clearly includes in its definition of an "abused child" as a child who is "another child in the home" when a parent has inflicted abuse to a different child there. We have case law that affirms this determination. *See* Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995). Our review of the record on appeal reflects testimony of Petitioner Father's sexual abuse against two of R.L.'s siblings when the family lived together. Due to these aggravated circumstances, the DHHR was not required to make reasonable efforts to preserve the family, pursuant to West Virginia Code § 49-6-5(a)(7)(A). We further find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect

could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject child.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II